# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
PETER LEWIS

(b) County of Residence of First Listed Plaintiff: **ASCENSION**
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
SHAWN R. BUSH, 12320 HWY. 44, STE. 4-A, GONZALES, LA 70737, (225) 647-1015

## DEFENDANTS
SEARS CORPORATION, formerly SEARS, ROEBUCK AND COMPANY

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☒ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Americans with Disabilities Act of 1990, 42 U.S.C. 12101, et seq and Title VII of the Civil Rights Act of 1964
Brief description of cause:
The defendant failed to comply with the ADA, causing plaintiff to become ill and later terminated.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

PETER LEWIS

CASE NUMBER:

VERSUS

JUDGE:

SEARS CORPORATION, formerly
SEARS, ROEBUCK and COMPANY

MAGISTRATE JUDGE:

## COMPLAINT

Plaintiff, Peter Lewis, a major and domiciliary of the Parish of Ascension, State of Louisiana, respectfully files this complaint and alleges as follows:

## PRELIMINARY STATEMENT OF THE CASE

1. This is an action for damages pursuant to Title I of the Americans with Disabilities Act of 1990 42 U.S.C. 12101, et seq and the Civil Rights Act of 1964. The plaintiff alleges that he suffers with Multiple Sclerosis and Epilepsy, disabilities which required reasonable accommodations which the defendant failed to follow, causing the plaintiff to be placed on medical leave. As a result of the defendant's failure to follow the reasonable accommodations and while the plaintiff was on medical leave, the defendant eliminated plaintiff's position, all in direct violation of Title I of the Americans with Disabilities Act of 1990 and the Civil Rights Act of 1964.

## JURISDICTIONAL STATEMENT AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C.A. Section 1331 and is based upon federal question.

3. Venue lies in the United States District Court, Middle District of Louisiana, for these claims pursuant to 28 U.S.C.A. 1391.

## DEFENDANT

4. Made defendant herein is SEARS CORPORATION, a Non-Louisiana Business Corporation with its principal business being located in the State of Illinois.

## GENERAL ALLEGATIONS

5. Plaintiff, Peter Lewis, brings this action for damages sustained as a result of his involuntary termination from employment with the defendant based on his disabilities, a violation of Title 1 of the Americans with Disabilities Act of 1990 and the Civil Rights Act of 1964.

6. Plaintiff alleges that he began his employment with the defendant on or about August 15, 2009 as a Store Manager at the Industriplex Blvd. location in Baton Rouge, LA. On or about February 9, 2010, Plaintiff's Physician submitted a request for reasonable accommodations as a result of Plaintiff's Epilepsy and Multiple Sclerosis diagnosis. At all pertinent times herein, plaintiff was qualified and able to perform the essential functions of the job. Specifically, plaintiff's Physician requested that plaintiff not be required to work more than forty (40) hours per week, avoid extreme heat and avoid exposure to gasoline fumes which were coming into plaintiff's office. At the

time of the request for accommodations, plaintiff's office was located within a storage room on Industriplex Blvd. in Baton Rouge, Louisiana.

7. Plaintiff further alleges that a telephone conference took place with Human Resources and plaintiff's Direct Supervisor, Suzanne Major, regarding the request for accommodations. At that time, the Human Resource Department agreed to plaintiff's accommodations and agreed to assist plaintiff in moving his office from the storage room. Despite this agreement, Suzanne Major refused to move plaintiff's office claiming that the move was not in the budget. As a result, plaintiff continued to be exposed to gasoline fumes as well as the extreme heat. Suzanne Major subsequently refused to allow plaintiff to attend necessary medical visits. Plaintiff subsequently contacted Human Resource to advise them of the continuing problem and was informed the matter would be investigated and taken care of.

8. Plaintiff further alleges that Suzanne Major made threats to him that she would terminate him if he did not stand outside in the summer heat during tent sales. After making another complaint to Human Resource, plaintiff was again informed that the matter would be investigated. Suzanne Major continued to refuse plaintiff the accommodations requested and made scheduling changes that forced plaintiff to work in excess of the forty hours (40). Additionally, plaintiff's office remained in the storage room where he continued to be exposed to extreme heat and gasoline fumes.

9. On or about March 4, 2011, after failing to provide plaintiff with any of the requested accommodations and after numerous complaints to Human

Resource by the plaintiff, the plaintiff became ill and was required to take medical leave. While on medical leave, plaintiff was advised by Human Resource that his position was eliminated, thereby terminating plaintiff's employment.

10. Plaintiff alleges that as a result of the defendant's violation of Title I of the Americans with Disabilities Act of 1990 and the Civil Rights Act of 1964, he has been made to suffer damages.

## PRAYER FOR RELIEF AND DEMAND FOR JURY TRIAL

WHEREFORE, plaintiff prays that this Court order the defendant to pay lost wages, benefits, compensatory and punitive damages, mental and emotional distress damages, attorney's fees, court costs and any and all damages which this Court deems just and proper. Additionally, plaintiff respectfully demands trial by jury as to all issues so triable.

RESPECTFULLY SUBMITTED:

/s/ Shawn R. Bush
Shawn R. Bush (25995)
12320 Highway 44, Building 4-A
Gonzales, Louisiana 70737
Telephone: (225)647-1015
Facsimile: (225)647-6647

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

PETER LEWIS                               CASE NUMBER:

VERSUS                                    JUDGE:

SEARS CORPORATION, formerly
SEARS, ROEBUCK and COMPANY                MAGISTRATE JUDGE:

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the petition as well as a Notice of Lawsuit and Request for Waiver of Service has been forwarded to the defendant through its Agent for Service of Process, located at 5615 Corporate Blvd., Ste. 400 B, Baton Rouge, LA 70808.

/s/ Shawn R. Bush

5